Bartlet, J.,
delivered the opinion of the court.
This was an action of debt instituted in the court of common pleas of Pickaway county, which at the August term, 1852, of said court was tried on the issue joined, and a judgment rendered against the plaintiff for costs; whereupon the plaintiff gave notice of his intention to appeal the cause to the district court. But the court of common pleas did not at the time of the rendition of the judgment, or at any other time, ascertain and fix the penalty of the appeal bond to be given in the event of an appeal, as required by the third section of the act regulating appeals to the district court. The plaintiff within the time provided by law1 gave bond for the appeal in due form, with sufficient surety to the approval of the clerk of the court in the penal sum of fifty dollars.
At the October term, 1852, of the district court of said county, the cause having been brought into that court at that term, came on for trial, and the parties waiving a jury submitted the cause to the court for trial on the merits. And the evidence on both sides having been closed, the plaintiff made his opening argument; whereupon the defendant moved the court to quash the appeal, on the ground that the penalty of the appeal bond was not fixed by the court of common pleas; which motion was resisted by the plaintiff, who moved the court to order a new appeal bond to be given in case the court should be of opinion that the exception was well taken and made in due time, and the questions aforesaid, as well as those arising upon the merits of the *case, being important, the cause was, on motion of the plaintiff, reserved for decision by this court.
Several questions of practice, are presented in this case. The first in order is whether it was an essential requisite to entitle the party to an appeal to the district court, that the court of original *149 jurisdiction should ascertain and fix the penalty of the appeal bond.
The law regulating appeals to the district court confers the right of appeal and prescribes the terras on. which a party may exercise it. Two things only are required of the party desiring to appeal his cause. First, that he enter upon the records of the court notice of his intention to appeal at the term of the court at which the judgment or decree was rendered. Second, that within thirty days after the rising of the court, he give bond with security to the approval of the clerk of the court or any judge thereof, in the penalty and with the condition provided by the law. The third section of the law, besides prescribing the terms and conditions of the appeal bond, provides as follows:
‘‘ In all cases in which the judgment or decree is personal against any party for the payment of money only, the penalty of the appeal bond shall be double the amount of such judgment or decree; in all other cases, including cases in which the judgment or decree is against any party for nominal damages and costs, or for costs only, the court shall, at the time of the rendition of the judgment or decree, ascertain and fix the penalty of the appeal bond to be given in the event of an appeal, at such reasonable amount as shalL in the opinion of the court be sufficient to cover any probable loss, damage, or injury which the other party or parties may sustain by the delay, and the costs and damages which may be awarded in the appellate court.”
' This law is remedial in its nature and must receive a liberal construction. To ascertain and fix the penalty of the appeal bond is made the imperative duty of the court, at the time of the rendition of the judgment or decree and in anticipation of the event of an appeal. This act of the court is not in strict compliance with the statute, if done at any time after the rendition of the judgment or decree, although at the same term. It would seem to be a requisite part of the entry to accompany the judgment or decree, and therefore in its order precedes any notice of appeal, if the language *of the law is to be observed. The express terms of the law therefore forbid the idea that this act of the court is to be done on the motion of the appellant.
Shall a party, then, be deprived of his appeal on account of an inadvertence or omission of duty on the part of the court when he has done all on his own part which the law required to entitle him *150 to it ? A majority of this court are clearly of the opinion that the right of appeal can not he taken away upon this ground, without a manifest violation of the reasonable intention of the law. A different eonsti’uetion would place it in the power of the court from wdiich the appeal is sought, to deprive a party of his right of appeal, either by neglect or by arbitrary omission.
Some of the decisions of the lato supremo court, giving a construction to the statutes regulating appeals from the common pleas to the supreme court, may, from analogy, seem to be at variance with the decision of this case. The decisions of that court, however, on the subject of appeals, were not always uniform, and were made under peculiar circumstances. Under the judiciary system of the old constitution, the judges of the supreme court finding it impracticable to dispose of all the business which came into the supreme court on the circuit, set their faces against appeals, and gave a construction to the statutes regulating appeals sometimes even more stringent than would be applicable to statutes highly penal, or statutes in derogation of natural rights. In the ease of Moore v. Brown, 10 Ohio, 197, it was held that, although the appellant had given notice of appeal, which was entered by the court on its docket or minutes, yet, because the clerk had inadvertently or negligently omitted to carry the same into the journal, the appeal must be dismissed; and that the defect could not be cured by a nunc pro tunc order at the subsequent term.
So rigid a rule of construction would not seem to be applicable to laws remedial in their nature. Mr. Smith, in his commentaries on statutory construction, sec. 547, lays down the rule as follows: *“ A remedial act should be so construed as most effectually to meet the beneficial end in view, and to prevent a failure of the remedy ; and, as a general rule, a remedial statute ought to be construed liberally, receiving an equitable or rather a benignant interpretation ; the letter of the act will be sometimes enlarged, sometimes restrained, and sometimes it has -been said the construction made is contrary to the letter.” JDwarris, 718.
The reason of a law, the purpose provided for, and the intention 'of the law-making power, are all to be considered in the interpretation of the law. Lord Mansfield says, 1 Burr. 447, “ There is a ¡mown distinction between circumstances which are of the essence of a thing required to be done by an act of parliament, and clauses merely directory.” Where an act is of the essence of the thing required by *151 a law, or, in other words, where it is essential to accomplish the object and intent of the law, it is imperative and can not be dispensed with ; but otherwise, it may bo merely directory. It was the object and intent of the law regulating appeals, to provide security to the appellee. It was therefore essential that the appellant should give bond with surety, to entitle him to the appeal. This was indispensable for the appellee’s security. But the mode by which the penalty or amount of the bond should be prescribed or fixed, whether by an order of court or by the clerk, or otherwise, was not of the essence of the thing. A bond for sufficient amount might bo given without an order of the court fixing it. In this, therefore, the law is merely directory; and when the appellant has done all which the law required of him to entitle himself to an appeal, it could not have been the intention of the legislature to place it in th¿"power of the court, from whose judgment he seeks to appeal, to deprive him of this right, by an omission either through negligence or design to perform an act in regard to which .the law is merely directory. -
It is the opinion of a majority of this court, that where the common pleas has omitted to fix the penalty of the appeal 'bond, the appellant should give his bond, with security, to the clerk of the court, or one of the judges thereof. If the penalty of the bond should be found insufficient in amount, or the bond ^otherwise defective, either in the form or in the conditions thereof, the distxúct court can order another bond to be given.
Did the exception to the appeal in this case come too late? The act of March 9, 1835, amendatory to the act to regulate the practice of judicial courts, provides that a failui’e to take the exceptions at a term in which the appeal is entered shall be considered a waiver of exceptions to such appeal. Swan’s Stat. 686. After judgment, a party would be precluded fr.om taking such exception ; but at any time during the first term at which the appeal is entered, and before judgment, the exception woxxld be in time.
This cause was reserved also for the determination of important questions by this court arising upon the mexfits on an issue of fact. Before the legal qxxestions arising upon the mei’its can be properly presented to this court, the facts should be found or presented on an agreed statement between the parties. When thopax’ties in this case waived the intervention of a jury, and agreed to sxxbmit the trial of the cause upon its merits to the jxxdges of the district court, *152 that court could not properly, upon the motion of one of the parties, change the tribunal and transfer the cause to this court for the determination of the issue of fact. And as it would be very difficult, if not impossible, to determine the legal questions arising on the meidts, without first finding the facts, the cause must be remanded.
The motion to dismiss the appeal, therefore, is overruled, and the cause remanded to the district court for trial upon the merits.